**Michael G. Freedman (State Bar No. 281279)**
**THE FREEDMAN FIRM PC**
**800 Wilshire Blvd., Suite 1050**
**Los Angeles, California  90017**
**Telephone: (213) 816-1700**
**Facsimile: (213) 816-1706**
**Email: Michael@thefreedmanfirm.com**

**Attorney for Claimant**
**IKE ROBERTS**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.: 2:20-CV-06967-RGK-MAR** |
| Plaintiff, | **CLAIMANT IKE ROBERT'S** |
| vs. | **VERIFIED ANSWER TO** |
| | **COMPLAINT FOR FORFEITURE;** |
| $341,500 in United States Currency, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Claimant Ike Roberts ("Claimant"), reserving all constitutional rights, hereby answers the Government's Verified Complaint for Forfeiture ("Complaint") in the above action as follows.  Any allegation not specifically admitted herein should be considered denied.

1.  In response to the allegations contained in Paragraph 1 of the Complaint, Claimant admits that this is a civil forfeiture action under 18 U.S.C. § 981(a)(1)(A), but denies the allegations against him.

2.  In response to the allegations contained in Paragraph 2 of the Complaint,

1

IKE ROBERTS' VERIFIED ANSWER TO FORFEITURE COMPLAINT

Claimant does not contest this Court's jurisdiction, but denies the allegations against him.

3.  In response to the allegations contained in Paragraph 3 of the Complaint, Claimant does not contest venue, but denies the allegations against him.

4.  In response to the allegations contained in Paragraph 4 of the Complaint, Claimant admits the allegations contained therein.

5.  In response to the allegations contained in Paragraph 5 of the Complaint, Claimant admits the allegations contained therein.

6.  In response to the allegations contained in Paragraph 6 of the Complaint, Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

7.  In response to the allegations contained in Paragraph 7 of the Complaint, Claimant admits the allegations contained therein.

8.  In response the allegations contained in Paragraph 8 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

9.  In response the allegations contained in Paragraph 9 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

10.  In response the allegations contained in Paragraph 10 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

11.  In response the allegations contained in Paragraph 11 of the Complaint,

IKE ROBERTS' VERIFIED ANSWER TO FORFEITURE COMPLAINT

the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

12.   In response the allegations contained in Paragraph 12 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

13.   In response the allegations contained in Paragraph 13 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

14.   In response the allegations contained in Paragraph 14 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

15.   In response the allegations contained in Paragraph 15 of the Complaint, the allegations are not directed to Claimant, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

16.   In response the allegations contained in Paragraph 16 of the Complaint, the allegations are not directed to Claimant, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

17.   In response the allegations contained in Paragraph 17 of the Complaint, the allegations are not directed to Claimant, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

18.   In response the allegations contained in Paragraph 18 of the Complaint,

3

IKE ROBERTS' VERIFIED ANSWER TO FORFEITURE COMPLAINT

the allegations are not directed to Claimant, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

19. In response to the allegations contained in Paragraph 19 of the Complaint, Claimant denies.

20. In response to the allegations contained in Paragraph 20 of the Complaint, Claimant admits that the defendant currency was inside his box, but the other allegations contained in Paragraph 20 are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

21. In response to the allegations contained in Paragraph 21 of the Complaint, Claimant denies.

22. In response to the allegations contained in Paragraph 22 of the Complaint, the allegations are vague and ambiguous, and Claimant lacks sufficient information to form a belief as to the truth of the allegations contained therein and therefore denies.

23. In response to the allegations contained in Paragraph 23 of the Complaint, Claimant denies.

24. Paragraph 24 of the Complaint does not require a response.

25. Paragraph 25 of the Complaint asserts legal propositions, which Claimant contests and denies.

26. Paragraph 26 of the Complaint does not require a response.

27. Paragraph 27 of the Complaint asserts legal propositions, which Claimant contests and denies.

28. Paragraph 28 of the Complaint does not require a response.

29. Paragraph 29 of the Complaint asserts legal propositions, which Claimant contests and denies.

30. Paragraph 30 of the Complaint does not require a response.

4

IKE ROBERTS' VERIFIED ANSWER TO FORFEITURE COMPLAINT

31.  Paragraph 31 of the Complaint asserts legal propositions, which Claimant contests and denies.

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Claim)

32.  As a separate and distinct affirmative defense to the Complaint, Claimant is informed and believes and on that basis states and alleges that the Complaint does not state facts sufficient to state a claim for forfeiture of the Defendant Property.

## SECOND AFFIRMATIVE DEFENSE
## (Lack of Probable Cause)

33.  As a separate and distinct affirmative defense to the Complaint, Claimant is informed and believes and on that basis states and alleges that Plaintiff lacks probable cause for seizing the Defendant Property and instituting this forfeiture Action.

## THIRD AFFIRMATIVE DEFENSE
## (Innocent Owner)

34.  As a separate and distinct affirmative defense to the Complaint, Claimant is an innocent owner of the Defendant Property.

## FOURTH AFFIRMATIVE DEFENSE
## (Laches)

35.  As a separate and distinct affirmative defense to the Complaint, Claimant is informed and believes and on that basis states and alleges that pursuant to the Due Process Clause of the United States Constitution and Plaintiff's statutory obligation to initiate this action promptly from the time of discovery of facts alleged to give rise to the Government's claim, Plaintiff is now barred from bringing this forfeiture action by its unnecessary delay.

IKE ROBERTS' VERIFIED ANSWER TO FORFEITURE COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE
### (Due Process)

36.  As a separate and distinct affirmative defense to the Complaint, Claimant is informed and believes and on that basis states and alleges that the Government's forfeiture claim is void and unenforceable as violative of the United States Constitution in that Claimant was denied notice and opportunity to be heard prior to the seizure of the Defendant Property or the initiation of this forfeiture action in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE
### (Unreasonable Search and Seizure)

37.  As a separate and distinct affirmative defense to the Complaint, Claimant is informed and believes and on that basis states and alleges that the Government's forfeiture claim is void and unenforceable as violative of the United States Constitution in that Claimant's property was subject to unreasonable search and/or seizure in violation of the Fourth Amendment of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

38.  As a separate and distinct affirmative defense to the Complaint, Claimant is informed and believes and on that basis states and alleges that the Government's forfeiture claim is barred by the doctrine of unclean hands and illegality.

## EIGHTH AFFIRMATIVE DEFENSE
### (Eighth Amendment)

39.  As a separate and distinct affirmative defense to the Complaint, Claimant is informed and believes and on that basis states and alleges that Plaintiff's forfeiture claim is barred by the Eighth Amendment's Cruel and

IKE ROBERTS' VERIFIED ANSWER TO FORFEITURE COMPLAINT

Unusual Punishment Clause because the penalty of forfeiture would be disproportionate to the offense alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE
## (Punitive Measure)

40.  As a separate and distinct affirmative defense to the Complaint, Claimant is informed and believes and on that basis states and alleges that Plaintiff's claim is barred because it is a punitive, rather than remedial, measure.

## TENTH AFFIRMATIVE DEFENSE
## (Incorporates Previous Claim)

41. As a separate and distinct affirmative defense to the Complaint, Claimant has previously filed a Claim to the Defendant Property and incorporates and asserts by reference all rights and interests as set forth in the claim.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Additional Defenses)

42.  As a separate and distinct affirmative defense to the Complaint, Claimant reserves the right to amend his Answer to Complaint as appropriate, including but not limited to pleading additional affirmative defenses as further facts and information is discovered by Claimant in this action.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3-6, Claimant demands a jury trial on all issues so triable.

WHEREFORE, Claimant Ike Roberts prays for judgment as follows:

1.  For dismissal of the Complaint with prejudice and the entry of judgment in favor of Claimant;

2. That the Defendant Property seized by Plaintiff, and any fruits thereof, be ordered released and surrendered to Claimant;

7

IKE ROBERTS' VERIFIED ANSWER TO FORFEITURE COMPLAINT

3. For costs of suit and attorneys' fees as allowed by law; and

4. For such other and further relief in favor of Claimant as this Court deems proper and just.

Dated: November 3, 2021                    Respectfully submitted,

                                           */s/ Michael G. Freedman*

                                           Michael G. Freedman
                                           Attorney for Claimant

8

IKE ROBERTS' VERIFIED ANSWER TO FORFEITURE COMPLAINT

## __VERIFICATION__

I, Ike Roberts, hereby verify and declare under penalty of perjury that I have read the foregoing Claimant Ike Roberts' Verified Answer to Complaint for Forfeiture; Demand for Jury Trial and know the contents thereof, and that the matters contained therein are true to the best of my knowledge, information, and belief.  I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 3, 2021

Ike Roberts (Nov 3, 2021 13:06 PDT)

Ike Roberts, Claimant

VERIFICATION